IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FEDERICO DIMAS, JR.,                    )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )    Civil Action No. 1:22-cv-1355 (RDA-LRV)
                                        )
MERRICK GARLAND, United States,         )
Attorney General                        )
                                        )
        Defendant.                      )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Federico Dimas, Jr.'s ("Plaintiff") Motion

for Reconsideration.  Dkt. 37.  This Court has dispensed with oral argument as it would not aid in

the decisional process.  Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).  This matter has been fully

briefed and is now ripe for disposition.  Having considered the Motion together with Plaintiff's

Memorandum in Support (Dkt. 37), Defendant Merrick Garland's ("Defendant") Opposition (Dkt.

39), and Plaintiff's Reply (Dkt. 40), this Court DENIES the Motion for Reconsideration for the

reasons that follow.

## I.  BACKGROUND

Plaintiff Federico Dimas Jr. ("Plaintiff") brings five counts against Defendant under Title

VII of the Civil Rights Act of 1964: (1) discrimination on the basis of his race and color; (2)

discrimination on the basis of his national origin; (3) discrimination on the basis of his sex/gender;

(4) a hostile work environment on the basis of race, national origin, color, sex, and gender; and (5)

retaliation. Dkt. 1 ¶¶ 117-75.

Plaintiff is a Hispanic man of Mexican descent and worked for the Drug Enforcement

Agency ("DEA") as a GS-13, Level 1 Computer Specialist in the Office of Security Programs in

Arlington, Virginia, beginning August 15, 1999.  *Id.* ¶¶ 5, 8, 120.  From 2004 to 2017, he advanced to Step 10 at the GS-13 level.  *Id.* ¶ 8.  Plaintiff has filed three previous Equal Employment Opportunity ("EEO") complaints with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race, gender, and national origin, and retaliation.  *Id.* ¶ 14-17.  Thomas G. Gregg III, the DEA's Acting Unit Chief Inspector and a Caucasian male, was Plaintiff's immediate supervisor at the time that Plaintiff filed his previous EEO complaint.  *Id.* ¶ 9.  According to Plaintiff, during his tenure at the DEA, he was denied every promotion that he applied for while Caucasian agency employees were promoted, despite Plaintiff's annual performance ratings being "excellent" or "outstanding" each year.  *Id.* ¶¶ 9, 25.

Plaintiff's claims primarily arise from events that occurred after a meeting between his wife and his supervisors.  On March 1, 2016, while Plaintiff was at the hospital, his wife, Ms. Dimas, met with Plaintiff's supervisors without Plaintiff's knowledge and expressed concerns regarding their relationship, including that he would record telephone calls with her.  *Id.* ¶¶ 64, 67, 69, 103.  After that encounter, on March 7, 2016, Gregg asked Plaintiff to go to DEA headquarters and speak with one of his superiors, Michael L. McCormick.  *Id.* ¶¶ 75-77.  McCormick and Richard D. Bendekovic, the DEA's Associate Deputy Chief Inspector, gave Plaintiff a memorandum enrolling him into a voluntary "Employee Assistance Program."  *Id.* ¶ 79-81.  Plaintiff signed the memorandum, without the opportunity dispute or explain his wife's allegations, after he was told that there would be no disciplinary action taken against him based on his hospital stay that resulted in him going on sick leave.  *Id.* ¶¶ 83, 87-88.  On February 3, 2017, Plaintiff received a notice of a fourteen-day suspension without pay by the Office of Professional Responsibility ("OPR"), which was reduced to eleven days without pay after Plaintiff challenged the suspension.  *Id.* ¶ 47.  Plaintiff alleges that the suspension was based on lies about his marital

2

life and on his superiors' false reports that Plaintiff had electronically recorded his telephone conversations with his wife. *Id.* ¶¶ 95, 103. Additionally, Plaintiff alleged that, although issues between him and his wife were private matters, McCormick contacted the United States Attorney's Office to investigate his wife's allegations. *Id.* ¶ 104-05. Plaintiff claims that his superiors, McCormick and Bendekovic, used these circumstances to retaliate against Plaintiff because of his prior EEO activity. *Id.* ¶ 106.

In addition to these specific allegations, Plaintiff also avers that his supervisors subjected him to a hostile work environment and intentionally promoted Caucasian employees instead of him because of Plaintiff's national origin, color, race, and gender. *Id.* ¶¶ 121-27, 138-42, 148-57.

Plaintiff filed his initial suit on October 21, 2021, 91-days after receiving the Right to Sue Notice, which was received on July 22, 2021. Dkt. Nos. 1 ¶ 14; 1-5. Upon receiving the Right to Sue Notice, a plaintiff has 90-days to file suit. Here, Plaintiff missed his 90-day window by filing suit 19 minutes late, making it so that he brought the instant action on the 91st day after receiving the Right to Sue Notice. Dkt. 1.

B. Procedural Background

After filing a charge of discrimination with the EEOC, Plaintiff received a Notice of Right to Sue from the DOJ on July 22, 2021. Dkt. Nos. 1 ¶ 14; 1-5. Plaintiff filed the instant Complaint in the United States District Court for the District of Columbia on October 21, 2021—ninety-one days after receiving the Right to Sue Notice. Dkt. 1. Defendant timely filed a Motion to Dismiss, seeking to dismiss all Counts of Plaintiff's Complaint for improper venue, untimely filing, and failure to state a claim. After Defendant's Motion to Dismiss was granted in part, the case was transferred to this District on December 1, 2022, and assigned to this District Judge on February 22, 2023. Dkt. 16. Defendant subsequently filed its Motion to Dismiss for Failure to State a Claim

and Motion for Summary Judgment on March 3, 2023, arguing, among other things, that Plaintiff's Complaint was untimely filed.  Dkt. Nos. 17-19.  On March 7, 2023, Plaintiff filed his Motions for Extension of Time to File Response, Dkt. Nos. 22-24, which were granted on March 8, 2023, Dkt. 28.  Plaintiff filed his Oppositions to Defendant's motions on April 3, 2023, Dkt. Nos. 31-32, and Defendant filed his Reply on April 10, 2023, Dkt. 34.  On October 26, 2023, this Court granted Defendant's Motion to Dismiss based on Plaintiff's failure to timely file his Complaint, dismissed the action with prejudice, and denied Defendant's Motion for Summary Judgment as moot. Dkt. 35.

Plaintiff filed the instant Motion for Reconsideration on November 27, 2023.  Dkt. Nos. 36-37.  Defendant filed an Opposition on December 11, 2023, Dkt. 39, and Plaintiff filed his Reply on December 18, 2023, Dkt. 40.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) allows a party to move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  Fed. R. Civ. 59(e).  Whether to grant a motion for reconsideration "is within the sole discretion of the Court . . . ."  *United States v. Dickerson*, 917 Supp. 1023, 1024 (E.D. Va. 1997).  However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted).  Motions for reconsideration may be granted on certain limited grounds: "(1) to accommodate any intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  Importantly, a motion for reconsideration that only "attempt[s] to reargue the merits" of a case, *French v. King*, 14 F.3d 594, 594 (4th Cir. 1993), or "relitigate old matters,

or to raise arguments or present evidence that could have been raised prior to the entry of judgment[,]" is not proper and will be denied. *Sloan v.Childress*, No. 3:18-cv-260, 2020 WL 2501442, at *3 (E.D. Va. May 14, 2020), *aff'd* 827 F. App'x 348 (4th Cir. 2020). Instead, a motion for reconsideration "addresses only factual and legal matters that the Court might have overlooked." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Thus, "if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Pac. Ins. Co.*, 148 F.3d at 403 (citations and internal quotation marks omitted).

## III. ANALYSIS

In his Motion for Reconsideration, Plaintiff asks the Court to reconsider its October 26, 2023 Order dismissing this case based on the untimely filing of his Complaint. Dkt. 37 at 2. Plaintiff does not argue that there is any intervening change in controlling law, nor does he present any "new evidence" for the Court's consideration. Rather, Plaintiff proffers that the Court erred in dismissing his case by not considering the full context of the circumstances for his late filing, and that such error constitutes a manifest injustice to Plaintiff. *Id.*

Plaintiff's Motion principally seeks to relitigate issues already decided. Plaintiff argues that this Court failed to consider extenuating circumstances that resulted in Plaintiff's late filing, namely his counsel's "heavy and tight" workload within a two-person law firm coupled with credit card issues that arose during filing. *Id.* at 7-8. The Court, however, sufficiently explored the record evidence relating to these claims when considering Defendant's Motion to Dismiss. *See* Dkt. 35 at 8-9 (discussing the arguments regarding counsel's workload). Parties cannot use a motion for reconsideration "'to put a finer point on [their] old arguments and dicker about matters decided adversely' to them." *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 546 (E.D. Va.

2015) (quoting *Shanklin v. Seals*, No. 3:07-cv-319, 2010 WL 1781016, at *3 (E.D. Va. May 3, 2010)).  Thus, for this reason alone, Plaintiff's Motion for Reconsideration is unpersuasive.

Even if Plaintiff were able to overcome this bar to reconsidering the Court's October 26, 2023 Order, the Motion fails on its own merits.  Plaintiff does not make any argument that there was a change of controlling law or that there is new evidence requiring a different result.  *See generally* Dkt. 37.  Instead, Plaintiff merely disagrees with the Court's application of existing law to his case.  *Id.*  Mere disagreement with this Court's application of existing law without more does not amount to clear error or a manifestly unjust application of law.  *See Hutchinson*, 994 F.2d at 1081-82 (holding "mere disagreement does not support a Rule 59(e) motion").  When this Court granted Defendant's Motion to Dismiss, its determination that Plaintiff was not entitled to equitable tolling was based upon careful consideration of the law and Plaintiff's entire circumstances.

Furthermore, the 90-day time-limit "begins when either the plaintiff or the plaintiff's attorneys received the right-to-sue-letter."  *Dyson v. Henrico Cty. Sch. Bd.*, No. 3:20CV547, 2020 WL 7398836, at *4 (E.D. Va. Dec. 16, 2020).  "The timing requirements for filing a lawsuit following an EEOC right-to-sue notice have been strictly construed."  *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003).  Missing the deadline by even one or two days is sufficient to bar a plaintiff's claims.  *See, e.g.*, *Harvey v. City of New Bern Police Dep't*, 813 F.3d 652, 654 (4th Cir.1987) (applying time-bar to complaint filed one day late); *Bowie v. Univ. of Md. Med. Sys.*, No. CIV.A. ELH-14-03216, 2015 WL 1499465, at *8 (D. Md. Mar. 31, 2015) (same).

Plaintiff acknowledges that he failed to meet his filing deadline but contends that his error may be excused under equitable tolling principles.  Dkt. 32 at 17-18.  Equitable tolling is available sparingly, however, and requires Plaintiff to demonstrate that extraordinary circumstances stood

in the way of timely filing the complaint.  A complainant must present sufficient evidence of circumstances "beyond [his] own control or external to [his] own conduct . . . that prevented [him] from filing on time." *Crabhill v. Charlotte Mecklenburg Bd. of Educ,* 423 F. App'x 341, 321 (4th Cir. 2011).  Therefore, in instances where the plaintiff or plaintiff's counsel is at least partly responsible for the delay and fails to explain how the conduct amounted to an extraordinary circumstance, tolling is generally not permitted.  *See, e.g.*, *U.S. v. Williams,* No. 3:07CR123-HEH, 2011 WL 6842991, at * 2 (E.D. Va. Dec. 29, 2011) (holding that equitable tolling did not apply to claimant who fell ill with Leukemia during filing period because "he fail[ed] to explain how his medical condition was so debilitating . . . as to prevent him from filing"); *Miller v. Rosenker*, 567 F. Supp. 2d 158, 161 (D.D.C. 2008) (declining to apply equitable tolling where *pro se* plaintiff noted that his filing was ready to be mailed on the applicable date, but the post office had already closed when he went).  Additionally, to justify equitable tolling, a plaintiff must account for the time within the ninety-day limitations period that was not spent dealing with an extraordinary circumstance.  *See Blakes v. Gruenberg*, No. 1:14-CV-1652-GBL/IDD, 2015 WL 9274919, at *6 (E.D. Va. Dec. 18, 2015) (finding equitable tolling was inappropriate where plaintiff had 73 days outside of the extraordinary circumstance to file suit); *see also Watts-Means v. Prince George's Family Crisis Ctr.,* 7 F.3d 40, 42 (4th Cir. 1993) (holding that equitable tolling was inappropriate where plaintiff had 85 days outside of the extraordinary circumstance to file his complaint); *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652, 654 (4th Cir. 1987) (holding that equitable tolling was  inappropriate where plaintiff had 84 days outside of the extraordinary circumstance to file his complaint).

Upon reviewing the relevant precedent, this Court determined that Plaintiff was not entitled to equitable tolling because Plaintiff did not demonstrate extraordinary circumstances that required

him to wait until the very last moment of his 90-day filing period to file.  Dkt. 35 at 8.  That

Plaintiff's counsel had a heavy workload in a law firm consisting of only two attorneys does not

constitute severe circumstances warranting equitable tolling.[1]  *Id.*  Indeed, that Plaintiff's counsel

prioritized other matters is entirely a function of the choices that Plaintiff's counsel made.[2]  In fact,

as this Court previously observed, equitable tolling has been denied in more severe instances than

Plaintiff's.  *Id.*; *see Williams*, 2011 WL 6842991, at * 2 (declining to apply equitable tolling despite

plaintiff having a medical condition that allegedly prevented timely filing).   In analogizing to

*Williams*, this Court took note of the fact that the plaintiff there failed to explain how his illness

excused the entirety of the filing period—plaintiff there still had time outside of "July of 2009" to

timely file his motion.  *Williams*, 2011 WL 6842991, at *2.  Likewise, here, despite having a full

90 days to file his Complaint, Plaintiff waited until the last few minutes of the very last day to file

it, thereby risking the occurrence of technical difficulties that could render his filing untimely.  As

in *Williams*, Plaintiff here had sufficient time to file within the deadline to account for filing

processing times, even with a heavy caseload.  It is also worth noting that other district courts have

---

[1] These circumstances are not rare and extraordinary—many other attorneys appearing before this Court are able to meet their filing deadlines while juggling heavy caseloads and navigating complex cases.

[2] Perhaps Plaintiff's counsel took on too many cases, perhaps Plaintiff's counsel failed to prioritize deadlines appropriately, perhaps Plaintiff's counsel failed to account for how much work an individual matter would take – all of these explanations are possible and all are a reflection of choices that Plaintiff's counsel chose to make across the 90-day period in which to file.  That Plaintiff experienced difficulty in filing the Complaint on ECF is no different than if Plaintiff experienced unexpected traffic on the way to the courthouse; the failure to account and plan for such matters does not render them extraordinary and out of Plaintiff's counsel's control.

routinely held that technical difficulties, such as those experienced by Plaintiff's counsel here, do not qualify for equitable tolling.[3]

Plaintiff contends that this Court misinterpreted *Williams* because the facts of the instant case are distinguishable. Dkt. 37 at 8-11. But Plaintiff's arguments for reconsideration on this point amount to mere disagreements with the Court's application of the law. Such disagreements do not warrant any change in this Court's October 26, 2023 Order. *See Hutchinson*, 994 F.2d at 1081-82 ("While plaintiffs disagreed with how the district court applied the *Christiansburg* standard, mere disagreement does not support a Rule 59(e) motion").

Plaintiff also relies on a dissent in a D.C. Circuit case to argue that this Court should not "conclusively end the litigation on a technicality." Dkt. 37 at 12. But in *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit declined to apply equitable tolling to a habeas petition that was filed one day after the filing deadline, even though the defendant there had been sentenced to death and had a "strong constitutional claim." *Id.* at 251, 253. If dismissal based on "the most minor procedural default imaginable" does not manifest injustice where the complainant faced *death*, it certainly does not do so in Plaintiff's circumstances here. *Id.*

---

[3] *See, e.g.*, *Ley v. Charles Schwab & Co., Inc.*, 2019 WL 2357064, at *3 (D. Colo. June 4, 2019) (holding that counsel's "technical difficulties" did not satisfy equitable tolling); In re Ray, 620 B.R. 418, 419 (Bankr. M.D. Ga. 2020) (stating that "technical issues with the online filing system is not adequate grounds for equitable relief," given availability of paper filing); Towner v. Astrue, 2011 WL 3875425, at *7 (N.D. Iowa Aug. 31, 2011) (noting that "miscommunication between [plaintiff's] counsel and the clerk's office, and unfamiliarity on the part of [plaintiff's] counsel with electronic filing, are not extraordinary circumstances entitling [plaintiff] to a tolling of the limitations period"); Johnson v. Astrue, No. 3:09-CV-46, 2010 WL 2365527, at *3-4 (N.D. W. Va. June 8, 2010) (equitable filing not appropriate when counsel paid filing fee, filed civil cover sheet and first page of complaint, and received "notice of electronic filing," but did not file complete complaint until after deadline due to unfamiliarity with electronic filing system); *Perry v. Accurate Staffing Consultants, Inc.*, 2010 WL 2650881, at *4 (W.D.N.C. June 30, 2010) (holding that "counsel's unfamiliarity with an electronic filing system that leads to the mistaken belief that a complaint has been timely filed is not an extraordinary circumstance that warrants equitable tolling").

Accordingly, Plaintiff's Motion for Reconsideration will be denied.

IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Reconsideration (Dkt. 37) is DENIED.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
August 12, 2024

_____ /s/
Rossie D. Alston, Jr.
United States District Judge